## Case No. 335.

### AMORY v. AMORY.

[6 Biss. 174;[1] 6 Chi. Leg. News, 349.]

Circuit Court. E. D. Wisconsin. July, 1874.

IMPEACHING DECREE—WIDOW—PROOF OF HEIRSHIP—LACHES.

1. Fraud upon a party by her counsel in a state court will not invalidate a decree where it does not satisfactorily appear that it altered the result.

2. A woman claiming an estate from a man as his widow and heir-at-law, required in this case to give satisfactory proof, independent of her own statement. that she was actually the wife of the deceased.

3. If, soon after decree, the party has knowledge of facts calculated to throw suspicion upon the conduct of her counsel. she is bound to use due diligence in inquiring and in seeking relief, and a delay of eleven years bars any relief against the decree and the consequences of the fraud alleged.

In equity. This was a bill of Angelina Amory, claiming as widow and heir-at-law of James Amory, deceased, praying that the defendants. Samuel P. Amory and John Amory, executors, might be enjoined from pleading a decree of divorce by the superior court of New York city in bar of proceedings by the complainant to recover the estate of the said James Amory, and praying that the complainant might be adjudged the lawful widow and heir of said James Amory. The bill alleged fraud by the complainant's counsel in the divorce proceedings in the New York court. The facts are stated in the opinion, and more fully in 3 Biss. 266. [Amory v. Amory, Case No. 334,] where Judge Miller's opinion is given sustaining the demurrer filed to the bill.

[1][Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

J. M. Gillett, Carpenter & Murphey, and Levi Hubbell, for complainant.
S. U. Pinney, for defendants.

Before DAVIS, Circuit Justice, and DRUMMOND, Circuit Judge.

DRUMMOND, Circuit Judge. The principal controversy in this case turns upon the effect of a decree of the superior court of the city of New York, as upon that must depend the right of the plaintiff to sustain the bill in this case, it being founded solely on the ground that she was, at the time of his death, the wife of James Amory, who died at Fond du Lac, Wisconsin, in August, 1868. intestate and without issue. In 1857, the plaintiff presented a complaint against James Amory in the superior court of the city of New York, alleging that she was married to him in that city, in 1846, and that they lived together as man and wife; that he had been guilty of adultery, and asking for a divorce on that ground.

James Amory answered the complaint and among other things, denied the marriage. The case was submitted to a referee to report certain facts, and he reported that the plaintiff and James Amory had not been married, and that she could not, at the time of the alleged marriage, make a lawful contract of marriage, because she, at the time, had a husband, one William A. Williams, living. In October. 1860, the superior court confirmed the report of the referee, and adjudged that she was not, and never had been, the wife of James Amory, and that she should take nothing by her complaint, and that judgment be entered in favor of the said James Amory upon the merits, and against her. She made various efforts to have this decree reversed or modified, but at the time of filing the bill in this case it was in full force.

1. We are of opinion that if any fraud was practiced or wrong done to her by her counsel in the conduct of the divorce suit in the superior court of New York, it was of such a character as not to change the effect of the decree of that court. It does not satisfactorily appear that he suppressed any evidence within his knowledge bearing upon the case. And upon the proofs before the referee and the court, it cannot be said that the main fact found by the decree, or the decree itself, was unwarranted. If her counsel was acting in the interest of James Amory, as she alleges, it must appear that his wrongful act caused a decree which otherwise would not have been made. There is nothing in the evidence to show that any misconduct of the counsel altered the result.

2. In any event, it must appear as a fact that the plaintiff was actually the wife of James Amory. Undoubtedly the parties lived together as man and wife for some years, from which. in the absence of other evidence, a marriage might be inferred. But in this

case there is such other evidence, and independent of her own statement, there is no satisfactory proof that a marriage ceremony ever took place between them. She was offered as a witness in the case, in the superior court, to prove it. but she was adjudged incompetent and it had to be determined by other testimony.

3. It appears that the plaintiff, not long after the decree was rendered in the superior court, had knowledge of certain facts, which, if true, were calculated to cast suspicion upon the conduct of her counsel. They were, at any rate, of such a character as to put her upon inquiry, and require her to use diligence to avoid the consequences of the fraud charged upon her counsel. This suit was not commenced till March, 1871, and we think she should not have waited so long before she asked for affirmative relief against the decree of the superior court of the city of New York. We have not considered the other objections made by the counsel of the defendants to the relief prayed for in the bill. The bill will be dismissed.

DAVIS, Circuit Justice, concurring.